## LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Jeanette L. Ayers

    v.

R. E. Spring, III

October 23, 1962

Case No. A-5020

By JUDGE ROBERT LEWIS YOUNG

Treating the demurrer as a motion to strike out from paragraph 2 of the motion for judgment herein the allegation, to wit: "and her husband has suffered loss of her services in and about her domestic affairs and loss of consortium," I have concluded that the same should be sustained.

To me, although I have noted the lack of uniformity of opinion in the authorities cited, Code Section 55-36 is perfectly plain. The "entire damage" for which a married woman may sue consists of only two elements, personal injury and expenses, including lost wages if gainfully employed. The language beginning "notwithstanding . . . ," etc., is merely to show that the rule is applicable even in the most extreme case. There is language conferring upon wife the right to sue for her own injury and expenses, but none transferring to her the husband's former right to sue for loss of services and consortium. I say "former right," as would seem to be the effect of this statute, but, of course, this question is not involved in this case. It might be of interest to you, however, that our Supreme Court of Appeals has recently held that where the husband is injured the wife has no cause of action for loss of his consortium. Bryant v. Watts,

refused Oct. 3, 1962; <u>Peale</u> v. <u>Nankivell,</u> refused October 5, 1962.